IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary L. Wise, # 285974, | ) | C/A NO. 6:04-1752-CMC-WMC |
| | ) | |
| Plaintiff, | ) | **OPINION and ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Eileen Judson Palmer, NP at Lieber | ) | |
| Medical Facility; Jasmen Morales, a/k/a | ) | |
| Yasminnie Morales, LPN at Lieber | ) | |
| Medical Facility; Ryan Hutchinson, Doctor | ) | |
| and Head Physician at Lieber Medical | ) | |
| Facility; Martha Gedert, a/k/a | ) | |
| Marti Gederts, Director and Health Care | ) | |
| Administrator; Glenn Alewine, M.D.; | ) | |
| Jamil A. El-Shami, NP, Individually and in | ) | |
| their Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint for alleged violations of his Eighth Amendment rights, in violation of 42 U.S.C. § 1983.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge William M. Catoe for pre-trial proceedings and a Report and Recommendation. On May 10, 2005, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment filed by Defendants Alewine, El-Shami, Palmer, and Gedert be granted. The Magistrate Judge also recommended that Defendants Morales and Hutchinson be dismissed without prejudice due to Plaintiff's failure to secure service on these Defendants within the time provided in Fed. R. Civ. P. 4(m). The Magistrate advised Plaintiff of

---

[1] This matter was originally assigned to the Honorable Matthew J. Perry, Jr., Senior United States District Judge. It has been reassigned to the undersigned for disposition.

the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report and Recommendation on May 18, 2005, and Supplemental Objections on May 19, 2005. Plaintiff also has a variety of motions pending, including a Motion for Summary Judgment filed December 2, 2004; a Motion to Produce, filed January 26, 2005; a Motion for Hearing, filed July 29, 2005; a Motion to Stay the Mandate, filed August 17, 2005;[2] a Motion for Preliminary Injunction, filed September 29, 2005; a Motion for Preliminary Injunction filed November 29, 2005; a Motion for Relief Pursuant to Fed. R.Civ. P. 35, filed March 3, 2006; a Motion for Hearing, filed April 24, 2006; and a Motion for Appointment of Counsel, filed April 24, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

---

[2]This motion was filed after the Fourth Circuit Court of Appeals had issued its Opinion in Plaintiff's Interlocutory Appeal to that court. *See Wise v. Palmer*, 140 Fed. Appx. 482 (4th Cir. 2005). As it is not a motion over which this court has jurisdiction, it is dismissed.

Plaintiff has been treated for several medical conditions during his period of incarceration in the South Carolina Department of Corrections ("SCDC"), including lupus, arthritis, vitiligo, gall-bladder disease, and a heart attack. Plaintiff's medical records show that he has been seen by SCDC medical personnel many times between his initial intake into SCDC on June 20, 2002, and March 8, 2004 (the date through which the medical records provided by Defendants are complete). Plaintiff's most serious medical problem occurred on August 16, 2002, when he suffered a heart attack. On that date, Plaintiff was transported to Trident Hospital in Charleston, South Carolina, and underwent cardiac bypass surgery.

It is clear from Plaintiff's complaint that he is in pain resulting from his bypass surgery and other medical conditions. Specific allegations regarding "deliberate indifference" toward Plaintiff's "serious medical need," however, are less clear. From his Complaint and other filings, Plaintiff appears to allege that: he was denied the ability to receive a second opinion regarding his heart bypass surgery; he was denied treatment by his preferred physicians; he had a Teddy Bear, prescribed by a physician, used to prevent pain when coughing, removed from his cell; he was denied a request to be moved from his cell due to cigarette smoke; and the general complaint that he is in extreme pain.

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff makes four (4) objections to the Magistrate Judge's Report in his Objections and Supplemental Objections.[3] These Objections fail to provide any legally sufficient reason to overcome the findings of the Magistrate Judge's Report or to defeat summary judgment. Plaintiff has failed to assert a viable cause of action under 42 U.S.C. § 1983.

**IT IS THEREFORE ORDERED** that Defendants Morales and Hutchinson are dismissed without prejudice for failure to serve, or show good cause as to failure of service, pursuant to Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment is **denied**. Defendants' Gedert, Palmer, Alewine, and El-Shami Motion for Summary Judgment is hereby **granted** and this action is dismissed with prejudice as to these defendants.[4]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 27, 2006

---

[3] Plaintiff includes two (2) additional "objections" in his Supplemental Objections which restate the standard for reviewing and granting, or denying, a motion for summary judgment.

[4] All other pending motions are hereby dismissed as **moot**.

4